### Bender v. Bender

Plaintiff appeared *in propria persona.*

*Houck & Barron,* for defendant.

LEHMAN, P. J., November 17, 1971.—This is an action of partition of real estate wherein plaintiff is husband and defendant is his wife. They are legally separated.

There have been no depositions or testimony about any facts pertaining to this action, nor has there been any determination of the merits of the action.

At issue here is whether a defendant-wife's rule to show cause why plaintiff-husband should not be ordered to pay defendant's counsel fees and other costs and expenses of defending this suit should be discharged or an order made for such items. Research has revealed no precedent for such an award at this stage of a partition proceeding, absent a showing of the wife's financial circumstances.

In a pending replevin proceeding by a husband

against his wife, wherein the wife claimed a lack of funds to make a defense, the court said: "We are of the opinion that the same reasons which apply for the allowance to the wife who is destitute of funds and whose husband has ample funds, in pending divorce proceedings of counsel fees, costs, etc. are applicable to other cases between the husband and wife in which the circumstances of ability to pay costs and expenses of litigation are similar": Bartholomew v. Bartholomew, 31 Dauphin 136 (1928).

In another replevin proceeding by a wife against her husband from whom she was separated, the wife petitioned for costs and attorney fees because she was without funds to meet the expenses of the action. The court, under its equitable powers, awarded the wife $150 for counsel fees and expenses: Troback v. Troback, 16 D. & C. 223.

In an equity action by a husband against his wife, the court continued a previously granted rule, requiring plaintiff-husband to show cause why he should not pay defendant's counsel fees and costs, for the purpose of taking testimony as to defendant's inability to pay such counsel fees and costs. "We believe that today the bare allegation that the wife has no separate estate is not sufficient to require the court to make an order for counsel fees. Women are today extensively engaged in business and industry, and frequently their earnings compare favorably with those of their husbands": Rerko v. Rerko, 47 D. & C. 185.

Because a partition will likely result in a sale of the subject property in this case, Pennsylvania Rule of Civil Procedure 1574 may possibly come to apply. This rule concerns partition and states: "Costs shall be paid by the parties in proportion to their interests in the property. . . . Reasonable counsel fees may be charged against the property or fund resulting there-

from, and apportioned among the parties and their counsel in such amount and manner as the court shall deem equitable."

This statutory method of apportioning counsel fees was required by the court after a partition in Tarquinio v. Antolini et al., 23 Beaver L.J. 195. See also 28 P.L.E., Partition, §62.

Accordingly, we enter the following

### DECREE

And now, November 17, 1971, after due consideration, the rule heretofore granted, requiring plaintiff to show cause why he should not pay defendant's counsel fees and other costs and expenses, is hereby continued until a fund results from the sale of properties owned by the parties, and in the event plaintiff fails to proceed with the partition proceeding or having proceeded and the right to partition is denied by the court, further argument on the within rule shall be requested, following which the court shall dispose of said rule, with the right on the part of either or both parties to take depositions. Exceptions are noted to plaintiff and defendant.